Michael N. White
Friedman, Rubin & White
1126 Highland Avenue
Bremerton, Washington 98337
(360) 782-4300

Terry A. Venneberg
Attorney at Law
1126 Highland Avenue, Suite 101
Bremerton, Washington 98337
(360) 377-3566

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT KETCHIKAN

CAROLYN L. THOMAS,                )
                                  )
    Plaintiff,                    )
                                  )
                                  )
vs.                               )
                                  )
KETCHIKAN GATEWAY BOROUGH,        )
and ROY ECKERT, in his individual )
and official capacity;            )
                                  )
    Defendants.                   )
_____)   Case No. _____

COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW plaintiff Carolyn L. Thomas, by and through her counsel of record, Michael N. White, of the Law Offices of Friedman, Rubin & White, and Terry A. Venneberg, and by way of complaint against the above-named defendants states and alleges as follows:

1. Plaintiff Carolyn L. Thomas is a resident of the State of Oregon over the age of eighteen (18) years, and is in all respects qualified and competent to bring this action.

2. Defendant Ketchikan Gateway Borough is a political subdivision of the State of Alaska, and has the capacity to sue and to be sued.

COMPLAINT - Page 1

Terry A. Venneberg
Attorney at Law
1126 Highland Avenue
Suite 101
Bremerton WA 98337
(360) 377-3566
(253) 377-4614 fax

3. Defendant Roy Eckert is, upon information and belief, a resident of the State of Alaska over the age of eighteen (18) years, and has the capacity to sue and to be sued. Defendant Eckert was, at all times pertinent to this action, Borough Manager of the Ketchikan Gateway Borough.

4. This court has jurisdiction of this action pursuant to provisions of 28 U.S.C. § 1331 and 1343. Venue is proper in this court, sitting in Ketchikan, Alaska, pursuant to 28 U.S.C. § 1391.

5. On or about March 29, 2004, plaintiff became employed by defendant Ketchikan Gateway Borough as Human Resources Manager. At all times during her employment with defendant Ketchikan Gateway Borough, plaintiff performed her duties as Human Resources Manager in a satisfactory manner.

6. In February 2005, plaintiff began discussions with defendant Eckert, who was her direct supervisor in her employment at the Borough, about the possibility of performing her functions as Human Resources Manager from a remote location in the State of Oregon, due to her mother's ongoing health difficulties.

7. In April 2005, the discussions between plaintiff and defendant Eckert resulted in defendant Eckert agreeing to allow plaintiff to perform her job duties with the Borough from Oregon, as plaintiff had requested. Both plaintiff and defendant Eckert agreed that, by use of the telephone, fax machine and computer, plaintiff could readily perform her job duties from a remote location, and that plaintiff could commute from Oregon to Ketchikan when her physical presence was required.

8. In June 2005, relying on the representation of defendant Eckert that she would be allowed to perform her job duties with the Borough from a remote location, plaintiff relocated her residence to the State of Oregon. Upon relocation, plaintiff continued to perform her duties as Human Resources Manager for the Borough in a satisfactory manner.

9. Shortly after plaintiff relocated to Oregon, defendant Eckert began to inform other employees at the Borough that plaintiff would only be allowed to perform her job duties from Oregon for a very short amount of time, and that plaintiff would thereafter be leaving the employment of the Borough. Upon hearing of these statements, plaintiff raised this issue directly with defendant Eckert. Plaintiff was thereafter told by defendant Eckert that the policy of the Borough regarding work by employees outside of the Borough had changed, as a result of statements made to him during a meeting of the Borough

**Terry A. Venneberg**
Attorney at Law
1126 Highland Avenue
Suite 101
Bremerton WA 98337
(360) 377-3566

Assembly. Defendant Eckert informed plaintiff that he would be drafting an amendment to the Borough Personnel Code in order to implement this change in policy. Plaintiff was also told by defendant Eckert that, as a result of this change in policy, she would need to return to Ketchikan, if she wished to continue in her position as Human Resources Manager.

10. In September 2005, the Ketchikan Gateway Borough Assembly amended the Personnel Code to require that "all employees shall and as a condition of their continued employment, reside within the corporate boundaries of the Borough," subject to a waiver being both proposed by the Borough Manager and approved by the Borough Assembly. This amendment of the Personnel Code served to divest plaintiff of her contractual right to perform her job duties outside of the Borough, so long as her remote location did "not interfere with the daily performance" of those duties.

11. In October 2005, defendant Eckert informed plaintiff that, as a result of the amendment of the Borough Personnel Code, it would "not be permissible under the code for you to perform your duties from Oregon." Defendant Eckert thereafter terminated plaintiff's employment with the Borough, effective November 1, 2005.

<u>First Cause of Action</u>
<u>Violation of 42 U.S.C. §1983</u>

12. Paragraphs 1 through 11 as set out above are incorporated by reference herein.

13. Under color of state law, defendant Eckert violated plaintiff's constitutional rights as granted to her by the Privileges and Immunities Clause of Article IV, § 2 of the United States Constitution, and therefore violated provisions of 42 U.S.C. § 1983, by terminating plaintiff's employment with the Ketchikan Gateway Borough based on plaintiff's residency in Oregon, and non-resident status in Alaska.

14. Because plaintiff's employment with the Ketchikan Gateway Borough was terminated by defendant Eckert pursuant to an official policy of the Borough, defendant Ketchikan Gateway Borough is also liable for the violation of plaintiff's constitutional rights as granted to her by the Privileges and Immunities Clause of Article IV, § 2 of the United States Constitution, and is therefore liable for violation of 42 U.S.C. § 1983.

Terry A. Venneberg
Attorney at Law
1126 Highland Avenue
Suite 101
Bremerton WA 98337
(360) 377-3566
(253) 377-4614 fax

15.  Defendant Ketchikan Gateway Borough is also liable for violation of plaintiff's constitutional rights as granted to her by the Contracts Clause of Article I, § 10 of the United States Constitution. By enacting Ordinance No. 1369 on or about September 19, 2005, defendant Ketchikan Gateway Borough unlawfully impaired the obligations of its contract with plaintiff, thereby violating 42 U.S.C. § 1983, by divesting plaintiff of her contractual right to perform her job duties outside of the Borough, so long as her remote location did "not interfere with the daily performance" of those duties.

16. As a direct and proximate result of the violation of 42 U.S.C. § 1983 by defendants Eckert and Ketchikan Gateway Borough, plaintiff has incurred and will incur damages in an amount to be proven at trial, but in any event to exceed $100,000.

17. Defendant Eckert is also liable for an assessment of punitive damages, due to his violation of 42 U.S.C. § 1983, and his willful, wanton and reckless conduct in doing so, in an amount to be proven at trial.

Second Cause of Action
Promissory Estoppel

18. Paragraphs 1 through 17 as set out above are incorporated by reference herein.

19. Defendant Eckert, on behalf of defendant Ketchikan Gateway Borough, promised plaintiff that she could continue in her employment with the Borough if she moved her residence to Oregon and performed her duties as Human Resources Manager from that location.

20. In justifiable reliance on the promise made by defendants Eckert and Ketchikan Gateway Borough, plaintiff moved her residence to Oregon and began to perform her duties as Human Resources Manager from that location.

21. It was foreseeable to defendants Eckert and Ketchikan Gateway Borough that plaintiff would rely on the promise that was made to her by defendant Eckert that she could continue in her employment with the Borough if she moved her residence to Oregon, and be induced by that promise to move her residence to Oregon.

**Terry A. Venneberg**
Attorney at Law
1126 Highland Avenue
Suite 101
Bremerton WA 98337
(360) 377-3566

22. As a direct and proximate result of plaintiff's justifiable reliance on the promise made by defendants Eckert and Ketchikan Gateway Borough, plaintiff has incurred and will incur damages in an amount to be proven at trial, but in any event to exceed $100,000.

WHEREFORE plaintiff prays for the following relief to be granted:

1. That plaintiff be awarded damages against defendants Roy Eckert and Ketchikan Gateway Borough in an amount to be proven at trial, but in any event to exceed $100,000.

2. That punitive damages be assessed against defendant Eckert in an amount to be proven at trial.

3. That plaintiff be awarded costs, interest and attorneys fees, as provided by applicable law, including, but not limited to, 42 U.S.C. § 1988.

4. That such and other further relief as this court may deem appropriate be granted.

DATED this 2 day of March, 2006

FRIEDMAN, RUBIN & WHITE
Attorneys for Plaintiff

By:_____
Michael N. White
Alaska Bar No. 7910087


DATED this 2 day of March, 2006.

By:_____
Terry A. Venneberg
Alaska Bar No. 8706056
Attorney for Plaintiff

COMPLAINT - Page 5

**Terry A. Venneberg**
Attorney at Law
1126 Highland Avenue
Suite 101
Bremerton WA 98337
(360) 377-3566
(253) 377-4614 fax