Terry A. Venneberg
Attorney at Law
1126 Highland Avenue, Suite 101
Bremerton, Washington 98337
(360) 377-3566
Attorney for Plaintiff

Michael N. White
Friedman, Rubin & White
1126 Highland Avenue
Bremerton, Washington 98337
(360) 782-4300
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| CAROLYN L. THOMAS, | ) | |
| Plaintiff(s) | ) | Case No. 5:06-CV-00001-JWS |
| vs | ) ) | |
| KETCHIKAN GATEWAY BOROUGH and ROY ECKERT, | ) | |
| Defendant(s) | ) ) | SCHEDULING AND PLANNING CONFERENCE REPORT |

1.  **Meeting**. In accordance with F.R.Civ.P. 26(f), a meeting was held on April 26, 2006 and was attended by:

    Terry A. Venneberg         attorney for plaintiff Carolyn L. Thomas

    Mark A. Sandberg           attorney for defendants Ketchikan Gateway Borough and Roy Eckert

The parties recommend the following:

2.  **Pre-Discovery Disclosures**. The information required by F.R.Civ.P. 26(a)(1):

       \_\_\_\_ have been exchanged by the parties

       _X_ will be exchanged by the parties by June 2, 2006.

Proposed changes to disclosure requirements: None.

Preliminary witness lists

       \_\_\_\_ have been exchanged by the parties

       _X_ will be exchanged by the parties by way of initial disclosures.

3. **Contested Issues of Fact and Law.** Preliminarily, the parties expect the following issues of fact and/or law to be presented to the court at trial in this matter:

a. Whether the defendants violated plaintiff's constitutional rights under the Privileges and Immunities Clause and Contract Clause.

b. Whether the defendants promised plaintiff that she could continue in her employment with the Ketchikan Gateway Borough if she moved her residence to Oregon, and if so whether plaintiff justifiably relied on that promise to her detriment.

c. Whether plaintiff failed to exhaust her administrative remedies.

d. Whether after-acquired evidence would have justified plaintiff's termination.

e. Whether defendant Eckert enjoys immunity from the 1983 claims.

4. **Discovery Plan.** The parties jointly propose to the court the following discovery plan.

    A. Discovery will be needed on the following issues:

    Liability and damages.

    B. All discovery commenced in time to be completed by October 27, 2006.

C. Limitations on Discovery.

1. Interrogatories

    __X__ No change from F.R.Civ.P. 33(a)

    ____ Maximum of ____ by each party to any other party.

    Responses due in ____ days.

2. Requests for Admissions.

    __X__ No change from F.R.Civ.P. 36(a).

    ____ Maximum of ____ requests.

    Responses due in ____ days.

3. Depositions.

    __X__ No change from F.R.Civ.P. 30(a), (d).

    ____ Maximum of ____ depositions by each party.

    Depositions not to exceed ____ hours unless agreed to by all parties.

D. Reports from retained experts.

   ____ Not later than 90 days before the close of discovery subject to F.R.Civ.P 26(a)(2)(C).

   __X__ Reports due:

   From plaintiff: September 1, 2006    From defendants: September 29, 2006

E. Supplementation of disclosures and discovery responses are to be made:

   ____ Periodically at 60-day intervals from the entry of scheduling and planning order.

   __X__ As new information is acquired, but not later than 60 days before the close of discovery.

SCHEDULING & PLANNING CONFERENCE REPORT    3

  F. A final witness list, disclosing all lay and expert witnesses whom a party may wish to call at trial, will be due:

   __X__ 45 days prior to the close of discovery.

   ____ Not later than (*insert date*)

5. **Pretrial Motions.**

  __X__ No change from D.Ak. LR 16.1(c).

  The following changes to D.Ak. LR 16.1(c). [Check and complete all that apply]

  ____ Motions to amend pleadings or add parties to be filed not later than (*insert date*).

  ____ Motions under the discovery rules must be filed not later than (*insert date*).

  ____ Motions in limine and dispositive motions must be filed not later than (*insert date*).

6. **Other Provisions**:

   A. _X_ The parties do not request a conference with the court before the entry of the scheduling order.

   ___ The parties request a scheduling conference with the court on the following issue(s):
   (*Insert issues on which a conference is requested*)

   B. Alternative Dispute Resolution. [D.Ak. LR 16.2]

   ___ This matter is not considered a candidate for court-annexed alternative dispute resolution.

   _X_ The parties will file a request for alternative dispute resolution not later than November 30, 2006.

   _X_ Mediation    ___ Early Neutral Evaluation

   C. The parties ___ do _X_ not consent to trial before a magistrate judge.

   D. Compliance with the Disclosure Requirements of F.R.Civ.P. 7.1

   ___ All parties have complied    _X_ Compliance not required by any party

7. **Trial**.

   A. The matter will be ready for trial:

   ___ 45 days after the discovery close date.

   _X_ not later than January 26, 2007.

   B. This matter is expected to take _5_ days to try.

   C. Jury Demanded _X_ Yes ___ No

   Right to jury trial disputed?    Yes    _X_ No

SCHEDULING & PLANNING CONFERENCE REPORT    5

Dated: April 27, 2006

By: /s/ Terry A. Venneberg
Terry A. Venneberg
Alaska Bar No. 8706056
1126 Highland Avenue, Suite 101
Bremerton, Washington 98337
Telephone: (360) 377-3566
Fax: (360) 377-4614
E-mail: tavlaw@qwest.net
Attorney for Plaintiff

By: /s/ Mark A. Sandberg
Mark A. Sandberg
Alaska Bar No. 7510084
Sandberg, Wuestenfeld & Corey
701 W. 8th Avenue, Suite 1100
Anchorage, Alaska 99501
Telephone: (907) 276-6363
Fax: (907) 276-3528
E-mail: msandberg@aol.com
Attorney for Defendants