Thomas v. Ketchikan Gateway Borough   6/20/06                                Carolyn Thomas

Page 98

1    Q. Have you looked for any other kind of work
2    besides human resources?
3    A. No.
4        MR. SANDBERG: We may be very nearly
5    done. Can I maybe have -- let's take a five-minute
6    break where I can go over my notes to see how we're
7    doing, but we may be just about done.
8        MR. VENNEBERG: Sure.
9        (Off the record.)
10   Q. (By Mr. Sandberg) Aside from hiring a
11   lawyer and lawsuit related expenses like coming here
12   today, did you spend money because of this verbal
13   contract that you would not have spent otherwise?
14   A. Yes.
15   Q. Okay. Tell me what.
16   A. We moved to Oregon.
17   Q. And you incurred moving expenses?
18   A. Yes.
19   Q. You have roughly what?
20   A. I can't answer that.
21   Q. Can you ballpark it?
22   A. No.
23   Q. I mean, eventually we will send you a
24   written request for this information. I'd just kind of
25   like a preview of coming attractions if you can.

Page 99

1    A. I'm sorry, I wouldn't even venture a guess.
2    Q. Have you spent other non lawsuit related
3    money that you would not have spent in the absence of
4    this verbal agreement besides your moving expenses?
5    A. Non lawsuit related?
6    Q. Lawsuit related. I mean, I'm talking about
7    if you've spent money on a -- if you spent money on the
8    copy of the pleadings or coming up here today. That's
9    what I mean.
10   A. Okay. I understand the lawsuit related. I
11   don't understand the rest.
12   Q. I didn't mean that -- that's a bad
13   question. Because what I'm trying to set aside is, I
14   know you spent money that was because you filed
15   lawsuit. Lawyers have to be able to spend money
16   because they file lawsuits. They travel to
17   depositions, for example. I'm trying to leave those
18   aside, the cost of the lawsuit.
19   A. I understand that.
20   Q. Aside from the costs of the lawsuit I asked
21   what have you spent money on that you would not have
22   spent money on if you didn't have this verbal agreement
23   Mr. Eckert. And you told me moving expenses, right?
24   A. Yes.
25   Q. And I asked how much, and you said, I don't

Page 100

1    know. Right?
2    A. Yes.
3    Q. Okay. Aside from moving expenses are there
4    other items that you've spent money on you would not
5    have spent money on in the absence of this oral
6    agreement?
7    A. I would not have had a phone line put in.
8    I would not have had a DSL line put in. I would not
9    have spent the money to remodel the office.
10       Is that what you're looking for?
11   Q. Exactly.
12   A. Okay. I'm sorry.
13   Q. Yes. So let's go through those. You had
14   an extra phone line put in?
15   A. Yes.
16   Q. Okay. Is that still in --
17   A. Yes.
18   Q. -- at this time? Okay.
19       You've had a DSL line installed?
20   A. Yes.
21   Q. So you can have high speed Internet access?
22   A. Yes.
23   Q. And is that still in your house?
24   A. Yes.
25   Q. And you've had remodeling expenses to

Page 101

1    create a home office?
2    A. Well, to improve it, yes.
3    Q. Okay. Can you put ballpark numbers on any
4    of those three items for me?
5    A. Well, the phone is $68 a month.
6    Q. Okay.
7    A. The Internet is -- I think I'm guessing
8    here. It's about $40 a month. We probably spent 250,
9    $300 on the office. The rest of it was labor, which is
10   free.
11   Q. Moving expenses, phone line, DSL, remodel.
12   Do we have other out-of-pocket expenses that you would
13   not have had in the absence of -- kept for making this
14   agreement with Mr. Eckert?
15   A. I'm not coming up with anything right now.
16   Q. Okay. Then my final question of the day
17   would be, have you ever filed other lawsuits?
18   A. No.
19   Q. Okay. We're done. Thank you. Unless your
20   lawyer may, but I'd be thoroughly surprised if he does.
21       MR. VENNEBERG: I have no questions.
22       THE REPORTER: Are you ordering the
23   transcript?
24       MR. SANDBERG: Please.
25       THE REPORTER: Copy?

Exhibit A
Page 26 of 43

26 (Pages 98 to 101)

MOBURG & ASSOCIATES   1601 Fifth Avenue, Suite 860   Seattle, WA 98101
Court Reporters            206-622-3110              Fax 206-343-2272

85e52045-9dc4-4003-8f0a-6dd5572f9b70

Thomas v. Ketchikan Gateway Borough   6/20/06                              Carolyn Thomas

Page 102

1   MR. VENNEBERG: Yes.
2   THE REPORTER: Signature?
3   MR. VENNEBERG: Yeah, reserve.
4       (The deposition was
5       concluded at 12:35 p.m.)

Page 103

1           AFFIDAVIT
2   STATE OF OREGON     )
3                       ) ss.
4   COUNTY OF _____ )
5
6       I declare under penalty of perjury that I
7   have read my within deposition, and the same is true
8   and accurate, save and except for the changes and/or
9   corrections, if any, as indicated by me on the
10  correction sheet.
11
12
13      Dated this _____ day of
14      _____, 2006.
15
16
17
18
19      _____
20              CAROLYN THOMAS
21
22
23
24
25  Zel D. Gonce, CCR

Page 104

1                   CERTIFICATE
2   STATE OF WASHINGTON )
3   COUNTY OF KING      )
4       I do hereby certify:
5       1.  That I am a Notary Public in and for the
6   State of Washington;
7       2.  That each witness before examination was by
8   me duly sworn to testify to the truth, the whole truth
9   and nothing but the truth;
10      3.  That the foregoing deposition was taken
11  stenographically by me and reduced to transcript form
12  under my direction;
13      4.  That I am not a relative or employee or
14  attorney or counsel of any of the parties to said
15  action, or a relative or employee of any such attorney
16  or counsel, and that I am not financially interested in
17  the said action or the outcome thereof;
18      5.  That each witness was given the opportunity
19  to read and sign the deposition after the same was
20  transcribed, unless indicated in the record that the
21  parties and each witness waived the signing;
22      6.  That the deposition as transcribed is a
23  full, true and correct transcript of the testimony,
24  including questions and answers, and all objections,
25  motions, and exceptions of counsel made and taken at

Page 105

1   the time of the foregoing examination;
2       7.  That I have made arrangements for delivery
3   of the deposition to the appropriate place of filing.
4
5
6       IN WITNESS HEREOF, I have hereunto set my hand
7   and affixed my official seal this 30th day of
8   June, 2006.
9
10
11
12
13              _____
                Notary Public in and for
14              the State of Washington
                residing at Bremerton.
15              Commission expires 3-19-09
16
17
18
19
20
21
22      Exhibit A
23      Page 27 of 43
24
25

27 (Pages 102 to 105)

MOBURG & ASSOCIATES
Court Reporters
1601 FIFTH AVENUE, SUITE 860
SEATTLE, WA 98101
(206) 622-3110  FAX (206) 343-2272
E-MAIL MoburgReporting@aol.com

PLEASE MAKE ALL CHANGES OR CORRECTIONS ON THIS SHEET, SHOWING PAGE, LINE, AND REASON, IF ANY. SIGN THIS SHEET, SIGN THE ACCOMPANYING SIGNATURE SHEET AND RETURN AS PER INSTRUCTIONS IN COVER LETTER.

PAGE   LINE   CORRECTION AND REASON

_____
           SIGNATURE
SEE WA. REPORTS 34A, RULE 30(E)
   USCA 28, RULE 30(E)

REPORTER: ZEL D. GONCE, RPR, CCR

Moburg & Associates - Seattle, WA (206) 622-3110

---

MOBURG & ASSOCIATES
Court Reporters
1601 FIFTH AVENUE, SUITE 860
SEATTLE, WA 98101
(206) 622-3110  FAX (206) 343-2272
E-MAIL MoburgReporting@aol.com

DATE:  July 3, 2006

TO:  Terry A. Venneberg, Esq.
     1126 Highland Avenue
     Suite 101
     Bremerton, WA 98337
IN RE: THOMAS v. KETCHIKAN GATEWAY BOROUGH
DEPOSITION(S) OF: CAROLYN THOMAS
DATE OF DEPOSITION(S): 6/20/06

Enclosed is your copy of the deposition of the above-named deponent(s), plus a correction sheet and signature page. Please have the deponent(s) review the deposition and sign the correction sheet and signature page. The signed correction sheet and signature page should then, within 30 days, be forwarded to:

     Mark A. Sandberg, Esq.
     Sandberg, Wuestenfeld & Corey
     701 West 8th Avenue
     Suite 1100
     Anchorage, AK 99501

who is retaining the original of the deposition. Please notify all counsel of any corrections.

SINCERELY,
MOBURG & ASSOCIATES

BY: ZEL D. GONCE, CCR

cc: Mark Sandberg, Esq.

Moburg & Associates - Seattle, WA (206) 622-3110

Exhibit  A
Page 28 of 43