In the subsequent days, in the course of addressing a disciplinary matter with the Public Works Director, I discovered that you had told the supervisors not to discuss personnel issues with me. This was the same supervisor who, earlier, had e mailed me regarding a personnel issue. I had e mailed back (and discussed the issue by phone) and advised him of the correct course of action. He had responded with an alternate method that deviated greatly from our past practices. I had e mailed him again and explained why we needed to follow our usual procedures. Some time later, I learned that he had, in fact, handled the matter the way he wanted to and not the way we had always handled those kinds of problems. I now realize that he probably did that with your blessing, but you had not advised me you had removed those responsibilities from my job duties. That was somewhat of a shock. Personnel issues are an integral portion of my job duties.

Although you denied my travel request, I made my own arrangements and arrived in Ketchikan around 5:00 pm on August 1, and arrived at the Borough Assembly meeting during public comments. Because you had refused to even communicate with me regarding this issue, I had not informed anyone that I would be coming to town. During the first break, while I was visiting with some people, you walked back and said, "Are you in town for a few days?" I replied that I was. You then asked, "Are you coming in in the morning?" I replied that I was. That was the extent of our conversation.

On August 2, I spent approximately an hour and a half in your office talking with you. We discussed all kinds of borough issues, but nothing about my job. I finally asked you what the big hoorah was about my being in Oregon. You did not bring it up. You told me to think about coming back. I reminded you that I had moved with your permission and had I not had your permission to keep my job while living in Oregon, I would not have moved. You said, "You heard the Assembly. They are going to make you come back." I then read to you the responsibilities and authority of the Borough Manager. I told you that I worked for the Borough Manager, not the Borough Assembly and that my agreement had been with you. You told me everything had changed. Because it was lunch time, our conversation ended and to date, you have made no attempt to engage me in conversation again, although I have now spent three full days in the Reid Building. I have learned in those three days that I was discussed in staff meeting again, and that you allowed and participated in the discussion. I understand that at your direction, personnel matters are now to be handled by Steve Corporon. I have also learned that you told Steve Corporon you had given me two weeks to return to Ketchikan. That is simply not true.

I left Ketchikan with a clear understanding that I would continue as Human Resources Manager of Ketchikan Gateway Borough while living in Oregon until I resigned or was terminated for cause. Although I now realize I should not have taken your word for it and that I made a serious error in not requiring something in writing, I do believe any reasonable person would agree that, in fact, a verbal agreement is a contract, and as such cannot just be ignored, or in this case, be denied by you. If I did not have your permission to continue my employment, why would I move to Oregon without resigning? If I did not have your permission to continue my employment while living in Oregon, why would you tell Greg Bjork to order me a laptop computer and why would you approve the purchase? I would not need one unless I was traveling back and forth. If I did not have your permission to continue my employment while living in Oregon why would I tell other employees that I did?

Although I have given your change in attitude extensive thought, I fail to understand why you have said the things you have said and why you have denied agreeing to my continued employment while living in Oregon. I do not understand why you announced in staff meeting that I would be finished July 1. I do not understand why you announced to the Borough Assembly that I was concluding union negotiations and would be finished by August 1 when you had told me to "hold off" on the contracts until September 30. I do not understand why you have removed most of my job duties without ever discussing it with me, before or after you did it. I do not understand why, when I asked you about some of the things I was being told you had said, you denied having said them. I do not understand why you would not take my phone calls or call me back. In the two months I have been in Oregon, you have called me a couple of times and e mailed me a couple of times. (I have enclosed the e mails that I received from you.) That can hardly be considered communication.

You have made it impossible for me to do my job by assigning my job duties to other employees, most of whom are not qualified to handle human resources issues, and have yet to notify me that you were taking these actions. Because of the comments you made about me in public, my name has been on the front page

Page 3

P00017

of the local newspaper not once, but twice, in less than a week's time. You have, with your statements, harmed my reputation and character. You have discussed me in public and you have discussed me in staff meetings, and you have done it all without notifying me you were going to do it or that you did it. In fact, on Tuesday, August 2, during staff meeting, the Public Works Director closed the door so you could all discuss me and my job duties. Did it ever occur to you to include me, since I was in the building?

It has become obvious to me that for some reason, you do not want my employment as Human Resources Manager to continue. However, not having just cause to terminate me you assumed that if you caused me enough embarrassment and humiliation, and took action that made it impossible for me to function effectively as the Human Resources Manager, I would quietly resign and you would have achieved your desired result. Or maybe you felt that eventually, you could take the position that you had just cause for discharge since I was no longer doing my job. Your actions constitute harassment and are discriminatory.

I have always taken great pride in my work, and I have always done my job well. That is also true of the work I have done for Ketchikan Gateway Borough. However, an ineffective Human Resources Manager is worse than no Human Resources Manager at all. Through your actions, you have rendered me ineffective. Although I have made you aware of a number of personnel problems, they have not been addressed by the people to whom you have assigned my job duties, and I cannot address them because of your actions. Therefore, I will tender my resignation under the following conditions. If my conditions are accepted, I will sign a legal document to be prepared by the Borough Attorney waiving my right to legal action against you and the borough.

It was always my intent to work to age 65. I am now 61. I am requesting payment equal to four years at my current rate. My current annual salary is $57,308.

$$57,308 \times 4 = 229,232.$$

Termination of my employment will prevent me from becoming vested in PERS, and will result in my insurance being terminated. I am requesting payment equal to four years at the cost of benefits currently being paid on my behalf. My current annual benefit total is $24,219.

$$24,219 \times 4 = 96,876.$$

$$\text{Total: } 229,232 + 96,876 = 326,108$$

The amounts stated above represent the amount payable to me after taxes have been paid, and represent full and final settlement of this matter.

Because I am well aware that you put things off rather than make a decision, I will require a reply by 4:00 pm on Friday, August 5, 2005. I reserve the right to announce my resignation and strongly suggest that you not discuss this letter with other employees. Even under your new arrangement, confidentiality of personnel issues is still the law.

In the event that my proposal is not accepted, I will continue my employment as Human Resources Manager while living in Oregon. I will have no choice but to retain legal counsel and pursue my claim against you, personally, and against Ketchikan Gateway Borough.

Sincerely,

Carolyn L. Thomas

cc: Scott Brandt-Erichsen, Borough Attorney
Encl: e mails

Page 4

Exhibit C
Page 4 of 4

P00018