Mark A. Sandberg, Esq.
SANDBERG, WUESTENFELD & COREY
701 West 8th Avenue, Suite 1100
Anchorage, AK 99501
Tel: 907-276-6363
Fax: 907-276-3528

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT KETCHIKAN

| | |
|---|---|
| CAROLYN L. THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| KETCHIKAN GATEWAY BOROUGH and ROY ECKERT, in his individual and official capacity. | ) ) ) ) |
| | ) |
| Defendants. | ) Case No. 5:06-cv-00001-JWS |

**REPLY MEMORANDUM IN SUPPORT OF MOTIONS
FOR PARTIAL SUMMARY JUDGMENT**

I.   INTRODUCTION

Thomas contends that she enjoys a constitutionally protected right to do the Ketchikan Gateway Borough Human Resources job from a location of her own choosing. The cases she cites do not support that proposition.

SANDBERG,
WUESTENFELD
& COREY
701 WEST 8TH AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

## II. WORK LOCATION

Thomas was not fired because she lived in Oregon. Nor was Thomas fired because she had done work from Oregon. Rather, Thomas was fired because she refused to do her job in the place that her employer told her to do it.

Thomas points to an exchange in Eckert's deposition to show she was fired for not residing in Ketchikan. But Eckert's confusion over KGB's residency requirements (which did not take effect until after Thomas was fired) was cleared up before the deposition was over (Eckert depo at pg. 98). And Eckert's confusion at a deposition taken after Thomas was fired does not change the contemporaneous written record.

Thomas' termination letter is unambiguous (Exhibit M to KGB Opening Brief). It does not contain the words "residency" or "Oregon." Instead, it points out that Thomas has no vested right to any work location and is being fired because "you refuse to report to a work site in Ketchikan in a facility owned or controlled by the Borough..."

Thomas was given the opportunity to comply with KGB Code §30.30.038, which requires workers to report to facilities owned or controlled by KGB. Thomas refused. Thomas was fired.

None of the cases Thomas cites show that a public employee has a constitutional right to do their job wherever they choose.

SANDBERG,
WUESTENFELD
& COREY
701 WEST 8TH AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

Reply Memorandum in Support of Motions for Partial Summary Judgment
*Thomas vs Ketchikan Gateway Borough*
Case No. 5:05-cv-00001-JWS
Page 2 of 7

None of the cases Thomas cites even discuss such a concept. There is no such constitutional right. That should put an end to this case.

### III. PRIVILEGES AND IMMUNITIES

#### A. Introduction

Thomas had not violated the new residency requirement of KGB Code §30.20.016 before she was fired. The revised section would not have required her to reside within the Borough before January 1, 2006.

Since Thomas' termination was appropriate under KGB Code §30.30.038 (Work Location), it is not clear that Thomas has standing to challenge KGB Code §30.20.016. However, KGB could have fired Thomas for violating the new residency requirement without offending the constitution, if that had actually happened.

#### B. Cases Cited

KGB relies upon Salem Blue Collar Workers Association v. City of Salem, 33 F.3d 265 (3rd Cir. 1994) for the proposition that direct public employment is not a fundamental right protected by the Privileges and Immunities Clause. KGB also relies upon McCarthy v. Philadelphia Civil Service Commission, 424 U.S. 645 (1976) for the proposition that Thomas has no

SANDBERG,
WUESTENFELD
& COREY
701 WEST 8TH AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

Reply Memorandum in Support of Motions for Partial Summary Judgment
*Thomas vs Ketchikan Gateway Borough*
Case No. 5:05-cv-00001-JWS
Page 3 of 7

constitutional right to be employed by KGB while living elsewhere.

In response, Thomas cites <u>International Organization of Masters, Mates & Pilots v. Andrews,</u> 831 F.2d 843 (9th Cir. 1987) and <u>Walsh v. City and County of Honolulu,</u> 423 F. Supp. 2d 1094 (D. Hawaii 2006). Neither of those cases show that Thomas enjoyed a constitutional right to work for KGB while living elsewhere.

<u>Andrews</u> is actually a case rejecting a Privileges and Immunities challenge to an Alaska statute providing that non-resident employees should be paid less. It does note that the issue from <u>Salem</u> has not been addressed in this circuit. But <u>Andrews</u> most assuredly does not create a right to do a public job while residing elsewhere.

<u>Walsh</u> is a right to travel case. It deals with a preemployment residency requirement. No one could apply for public employment in Hawaii unless they were already a Hawaii resident. The unquestionable purpose of the requirement was to discourage people from moving to Hawaii. The court said that was unconstitutional.

<u>Walsh</u> makes it clear there are no constitutional objections to postemployment residency requirements, such as the one found in KGB Code §30.20.016:

SANDBERG,
WUESTENFELD
& COREY
701 WEST 8TH AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

> "The Court is deeply concerned with the law in its current form as a residency requirement that bars non-residents from applying for employment with the State or County acts as a prohibition on the fundamental right to travel and is therefore constitutionally suspect and virtually indefensible. On the other hand, <u>a requirement that a new hire obtain state residency within a reasonable period of time appears to be a responsible requirement that would meet constitutional requirements</u>, as dictated in prior decisions."

<u>Walsh v. City and County of Honolulu,</u> 423 F. Supp.2d 1094, 1107 (D. Hawaii 2006)(emphasis added).

IV.   <u>CONTRACTS CLAUSE</u>

Thomas argues that she had a contractual right to live in Oregon while working for KGB under the version of KGB Code §30.20.016 in effect at the time she was hired. Whatever the merits of that claim,[1] it does not reach our issue.

Thomas assumes not only that she had a contractual right to live in Oregon, but also that she had a contractual right to do the KGB HR job in Oregon. But there was nothing in KGB Code §30.20.016, as it existed when Thomas was hired, that remotely suggested she had a contractual right to select a work location in Oregon.

When Thomas was hired in 2004, KGB §5.20 provided that the Borough Manager possessed the administrative power of the

---

[1] Changes in laws of general application are not necessarily problematic. Each employee does not have their own contractual minimum wage rate or set of OSHA protections, forever frozen in time, based upon their own date of hire. Applying new statutory changes to old contracts does not make the statutes retroactive. <u>Eastwind Inc. v. State,</u> 951 P.2d 844, 848 (Alaska 1997)

SANDBERG,
WUESTENFELD
& COREY
701 WEST 8TH AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

Reply Memorandum in Support of Motions for Partial Summary Judgment
*Thomas vs Ketchikan Gateway Borough*
Case No. 5:05-cv-00001-JWS
Page 5 of 7

Borough. This included the normal prerogatives of management, such as decisions about where workers will be deployed. Thomas never had a contractual right to select her own work location.

### V.   PROMISSORY ESTOPPEL

The fact that Thomas presses a promissory estoppel claim is further evidence she never had a contractual right to do the KGB HR job remotely. Promissory estoppel is, of course, an equitable remedy that is only available in the absence of a contract.

Thomas cannot prove the elements of promissory estoppel. So, for the first time, she argues equitable estoppel and quasi-estoppel. Neither theory is pleaded in her Complaint. Neither theory has any merit. For the reasons discussed in KGB's opening brief, partial summary judgment should be granted.[2]

### VI.   CONCLUSION

KGB respectfully requests that each of its three motions for partial summary judgment be granted and that this case be dismissed with prejudice.[3]

---

[2] In the (hopefully unlikely) event that the estoppel claims survive summary judgment, dismissal would still be required if the Court rejects plaintiff's § 1983 claims. This case is only here because Thomas pleaded jurisdiction under 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1343 (civil rights actions).

[3] Thomas has not contested the motion for partial summary judgment regarding Eckert's qualified immunity from liability.

SANDBERG, WUESTENFELD & COREY
701 WEST 8TH AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

DATED this 29th day of December, 2006, in Anchorage, Alaska.

s/ Mark A. Sandberg
701 W 8th Avenue, Ste. 1100
Anchorage, Alaska 99501
Phone: (907) 276-6363
Fax: (907) 276-3528
E-Mail: msandberg@aol.com
Alaska Bar No.: 7510084

CERTIFICATE OF SERVICE

I hereby certify that on this 29th
day of December, 2006 a copy of the
foregoing discovery responses
was served electronically on:

Scott Brandt-Erichsen
Borough Attorney
Ketchikan Gateway Borough
344 Front Street
Ketchikan, Alaska 99901

Michael N. White
Friedman, Rubin & White
1126 Highland Avenue
Bremerton, Washington 98337

Terry A. Venneberg
1126 Highland Avenue, Ste. 101
Bremerton, Washington 98337

s/ Mark A. Sandberg

SANDBERG,
WUESTENFELD
& COREY
701 WEST 8TH AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

Reply Memorandum in Support of Motions for Partial Summary Judgment
*Thomas vs Ketchikan Gateway Borough*
Case No. 5:05-cv-00001-JWS
Page 7 of 7